(92 South. 754)

No. 24275.

**NELSON et al. v. TEXAS & P. RY. CO. et al.**

(July 17, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Railroads ⬦69—Conveyance held to vest mineral rights in grantee.**

An absolute conveyance to a railway company of a strip of land, described by bearings and distances without any exception or reservation, vested the mineral rights under such strip in the railway company, in the absence of reformation or cancellation.

2. **Railroads ⬦73(4) — Grantor of mineral rights cannot question validity of railroad's agreement with third person.**

As persons conveying a strip of land to a railway company by an absolute deed without exception or reservation did not own the oil, gas, and minerals thereunder, they could not question the validity of an agreement between the railway company and third persons to bore for oil and gas.

3. **Railroads ⬦73(4)—One contracting with railway company on faith of records protected.**

Persons contracting with a railway company to bore for oil and gas on its right of way on the faith of the public records will be protected thereby, though the title of the railway company was voidable.

4. **Corporations ⬦387(3)—Authority of railway company to acquire real estate and operate oil and gas wells could only be questioned by sovereign.**

The authority of a railway company under its charter to acquire real estate and its right to operate oil and gas wells upon its right of way could not be questioned by its grantor, but only by the sovereign.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by R. B. and R. A. Nelson against the Texas & Pacific Railway Company and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Foster, Looney & Wilkinson and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellants.

J. H. Levy and Robt. A. Hunter, both of Shreveport, for appellees Belchic & Laskey.

Spencer, Gidiere, Phelps & Dunbar, and Wise, Randolph, Kendall & Freyer, all of Shreveport, for other appellees.

By the WHOLE COURT.

LECHE, J. The Texas & Pacific Railway Company entered into the following contract with M. P. Pickett, owner of Elmwood plantation situated in Red River parish:

"State of Louisiana, Parish of Orleans.

"Be it known that I, M. P. Pickett, of the parish of Red River and state of Louisiana, do by these presents grant, bargain, sell, convey and deliver, with full guaranty of title and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto the Texas & Pacific Railway Company, a corporation duly chartered under the laws of the United States of America, represented herein by Paul McConby, its agent, present and accepting this act, the following described real property situated in Red River parish, Louisiana, to wit: Part of section 6, in township 12, range 10 and section 31, in township 13, range 10, beginning on the west line of section 5, owned by E. P. Robinson, at station 164132 of the located line of the Texas & Pacific Railway. Thence north with said Robinson line to a point fifty feet perpendicular from said located line. Thence northwesterly following a curve and N. 61 W. following a tangent of said located line 6,464 feet to the east side of section 36, in township 13 and range 11 owned by said Robinson. Thence south with said Robinson line passing station 1705–96 of said located line to a point fifty feet perpendicular therefrom. Thence S. 61 E. parallel to said located line 6,464 feet to said west line of section 5. Thence north to the place of beginning. Containing fourteen and eight tenths (14.8) acres of land. Also another tract of land part of sections 26 and 27 in township 13 and range 11. Beginning on the west line of a tract of land owned by E. T. Robinson in said section 26, at station 1792–25 of said located line. Thence north with said Robinson line to a point fifty feet perpendicular from said located line. Thence N. 61 W. parallel to said located line 3,150 feet to the south line of a tract of land owned by Mrs. N. A. Watkins. Thence west with the Watkins line passing station 1823–75

of said located line to a point fifty feet perpendicular therefrom. Thence S. 61 E. parallel to the said located line 3,150 feet to the said Robinson west line. Thence north to the place of beginning, containing seven and one-fifth (7.2) acres of land. To have and to hold the said property unto the said grantee its successors and assigns forever.

"This conveyance is made for the consideration of one dollar ($1.00) cash in hand paid the receipt of which is hereby acknowledged and other considerations.

"Said grantor hereby agrees to procure the release of said property from any mortgage that may affect same, and said grantee hereby releases the notary who takes the acknowledgment of this act or before whom same is proven from all liability for the nonproduction of the certificate of mortgage.

"In witness whereof we have hereunto signed our names in the presence of T. G. Pickett, and Henry Nelson, competent witnesses, on this the 20th day of December, A. D. 1901. M. P. Pickett. The Texas & Pacific Railway Co., by Paul McConby, Agent. Attest: Thos. G. Pickett. Henry Nelson."

This deed was acknowledged before a notary public, and duly inscribed in the conveyance records of the parish of Red River, in Book J, page 593, on December, 21, 1901.

On January 12, 1904, Pickett sold the Elmwood plantation to J. R. Moss and S. J. Harmon, and they sold to plaintiffs the same plantation in 1912 and 1917, by acts of sale, none of which mention the deed to the Texas & Pacific Railway Company or exclude the land described in the right of way granted to that company by Pickett.

On October 30, 1919, the Texas & Pacific Railway Company entered into an agreement with the firm of Belchie & Laskey, of the parish of Caddo, to bore for oil and gas on the strip of land described in its deed from Pickett.

Plaintiffs in the present suit, after alleging these facts, charge that the deed from Pickett to the Texas & Pacific Railway Company through error and inadvertence apparently conveys title to the strip of land therein described, when in truth and in point of fact it was intended merely to convey to the Texas & Pacific Railway Company the servitude of a right of way over said strip of land for the purpose of building its railroad tracks and operating its trains; that said deed was made without consideration, and that said railway company is, under its charter granted by the United States, only authorized to conduct a railroad business. They further allege, in substance, that they have entered into various mineral leases with the Doan Oil Company, with Allison & Dengee, and with the Homer Bull Bayou Oil Company, all of whom are boring for oil and gas on plaintiffs' Elmwood plantation near the right of way of the defendant company, and that plaintiffs have a royalty interest in the wells being bored by their said lessees; that Belchie & Laskey, acting by virtue of their agreement with the Texas & Pacific Railway Company, are also boring for oil and gas on the strip of land described in the grant by Pickett to that company.

Plaintiffs further allege and contend that they own all the oil, gas and other mineral rights in said property; that the said Texas & Pacific Railway Company does not own any of said mineral rights; that the drilling of wells by said Belchie & Laskey will interfere with the flow of the wells owned by plaintiffs' lessees, thereby decreasing plaintiffs' royalty interest therein, and will moreover remove from plaintiffs' land the oil and gas belonging to them; that the wells being bored by said Belchie & Laskey, near the rails of said railway company, will create a fire trap, endangering the safety of the traveling public, interfering with the operation of trains, and menacing the output of the wells of plaintiffs' lessees, in which wells plaintiffs have a royalty interest.

Plaintiffs then pray for a decree denying the authority of the Texas & Pacific Railway Company to operate oil and gas wells upon its said right of way as beyond its charter powers, annulling the agreement made by said company with Belchie & Las-

key, recognizing plaintiffs as the owners of the mineral rights under said right of way, and enjoining said Texas & Pacific Railway Company and said Belchie and Laskey from drilling wells upon said right of way.

Defendants pleaded the exception of no cause of action; that exception was sustained by the district court, and plaintiffs have appealed.

The main purpose of plaintiffs' suit is to have themselves recognized as owners of the "oil and gas and other minerals beneath" the right of way of the Texas & Pacific Railway Company, and to have defendant perpetually enjoined from drilling wells upon said right of way.

In answer to a prayer for oyer, plaintiffs filed the titles upon which they rest their claim to the ownership of the oil, gas, and minerals under the right of way of the railway company. These titles are hereinabove fully set forth. Defendants were entitled to their production under article 174, C. P., and when produced they became part of plaintiffs' petition. Baldwin Lbr. Co. v. Todd, 124 La. 547, 50 South. 526.

[1] The deed from Pickett to the railway company is an absolute conveyance of a strip of land extending across the Elmwood plantation, described by bearings and distances, the price whereof is stated to be $1 and other considerations. It is perfect on its face, contains all the elements essential to constitute a sale, and transfers the ownership of the land itself, without any exception or reservation, from Pickett to the railway company. See Thielman, v. Gahlman, 119 La. 356, 44 South. 123; Phelan v. Wilson, 114 La. 822, 823, 38 South. 570. Plaintiffs do not ask that it be reformed or declared null and void, and it therefore stands, under this condition of the pleadings, as an insuperable obstacle to the principal relief for which they pray. It is only by virtue of their ownership of the land that plaintiffs claim the mineral rights under the right of way, and as the ownership of the land is vested by that deed in the Texas & Pacific Railway Company, it follows that the ownership of the mineral rights under that land is also in the railway company, and not in the plaintiffs.

[2, 3] If, then, the plaintiffs do not own the oil, gas, and minerals under the right of way of the railway company, they have no interest in questioning the validity of the agreement between that company and Belchie & Laskey, who acted on the faith of the public records, and who, even if the title of the railway company were voidable, would be protected by these records.

[4] Nor do we believe that plaintiffs have any right to challenge the authority of the Texas & Pacific Railway Company to operate oil and gas wells upon its right of way on the ground that such authority is beyond its charter powers. It was expressly held by this court in the case of Southern Lumber Co. v. Holt, 129 La. 274, 55 South. 986, that the ultra vires acts of a corporation can be questioned only by a person directly interested in the corporation or by the sovereignty which has granted the charter to the corporation. That authority is also pertinent to the contention of plaintiffs in argument that the Texas & Pacific Railway Company has no authority under its charter to acquire real estate not absolutely necessary for the conduct of its business. No one has the right to question the right of a railroad corporation to hold real estate, except the sovereign. Elliott on Railroads (3d Ed.) vol. 1, § 466. See, also, Thompson on Corporations (2d Ed.) vol. 3, §§ 2391, 2392.

For these reasons we believe the judgment appealed from is correct, and should be affirmed; and

It is so ordered.

LAND, J., recused.