37 So.2d 709

## CURRIE v. CONTINENTAL AMERICAN BANK & TRUST CO.

### No. 38643.

### Nov. 8, 1948.

Chandler & Edwards, of Shreveport, for plaintiff-appellant.

Cook, Clark & Egan, of Shreveport, for defendant-appellee.

McCALEB, Justice.

Plaintiff has appealed from a judgment dismissing his suit on an exception of no right or cause of action. He claims that he is entitled to be recognized as owner of an undivided one-third interest in the minerals in and under the fractional Section 19, Township 19 N., Range 16 W. Caddo Parish, Louisiana, which is registered in the name of the defendant bank.

The pertinent allegations of the petition are that the defendant bank acquired fee title to the real estate involved; that, more than five years after its acquisition, it sold the land to one Platt, reserving to itself in the deed one-third of the minerals; that, in 1941, plaintiff acquired the fee title to the property (subject to the reservation) from a subvendee of Platt and that, inasmuch as the law, Section 3 of Act No. 179 of 1902, as amended, prohibits a state bank from holding real estate (other than

that acquired for the transaction of its business) for a period longer than five years, the title to one-third of the minerals reserved by the bank in the sale of the property to Platt has inured or escheated to plaintiff. Judgment is prayed for accordingly.

■ We experience no difficulty whatever in resolving that the petition states neither a right nor a cause of action. Primarily, plaintiff is devoid of right to question the title of the bank as it is well settled that the authority or power of a corporation to acquire or hold property may be examined only in a suit by the sovereign. In 19 C.J.S., Corporations, § 1112, page 686, it is declared:

"The general rule is that the state alone can question as ultar vires the acquiring and holding of real or personal property by a corporation, and that a conveyance to a corporation incompetent to take title is not void, but only voidable, at the suit of the sovereign alone, in the absence of a clear expression of legislative intention to the contrary. So, the capacity of the corporation to take and hold property cannot be disputed by a remote grantor * * *. Conversely, the title of the corporation cannot be questioned by its grantee, its lessee, or those claiming under them, nor by its contractual grantee, nor its assignee for creditors; * * * nor can it be questioned by a trespasser or an adverse claimant." [1]

The above stated doctrine has been expressly approved by this court in Southern Lumber Co. v. Holt, 129 La. 273, 274, 55 So. 986 and Nelson v. Texas & P. R. Co., 152 La. 117, 92 So. 754, 756.[2]

■ Furthermore, plaintiff is without a cause of action for the reason that, even if the bank's reservation of one-third of the minerals in its deed to Platt be regarded as an absolute nullity, the mineral interest would not inure to plaintiff's benefit by any method of sound reasoning. In such circumstances, it could not be said that the one-third mineral interest was transferred by the bank to Platt as Platt did not purchase it.

The judgment appealed from is affirmed.

[1] Act No. 179 of 1902, as amended, which is relied on by plaintiff, provides that banking corporations shall not have the power to hold any real estate other than that acquired for the transaction of their business for a longer period than five years. It does not contain a forfeiture clause and is practically identical with the provision contained in the acts of Congress relative to National banks, see 12 U.S.C.A. § 29, par. 4. The Supreme Court of the United States has repeatedly held that the provisions of the National Banking Act, prohibiting certain acts by banks or other officers, can be questioned only by the United States and not by private parties. See Thompson v. St. Nicholas Nat. Bank, 146 U.S. 240, 13 S.Ct. 66, 36 L.Ed. 956.

[2] The rule in Louisiana also accords a right of action to "a person directly interested in the corporation".