## M. E. HOWARD v. G. W. COPLEY.

An exception to the plaintiff's second suit on the same cause of action, that the costs of the first suit had not been paid, will not be sustained where the suit had been dismissed on defendant's exception. Articles 492 and 586 C. P. do not apply to such a case.

An exception to the wife's action on the ground that she has not been authorized to sue by her husband, will not be sustained where the husband appears by counsel to signify his consent. It will be sufficient to produce the authority itself at any time before the trial upon the merits. C. P. 320, 321.

Citation or notice to the heirs to continue a suit already brought against their deceased ancestor will suffice; the law does not require that a copy of the petition be served on them. C. P. 120. The same rule applies to the case of an administrator.

The gift of a slave by parol is valid by the laws of Mississippi.

When the gift is to a minor, no formal act of acceptance is necessary.

APPEAL from the District Court of Ouachita, *R. W. Richardson*, J. *Garrett & Ludeling*, and *J. D. & Jno. McEnery*, for plaintiff. *C. H. Morrison*, for defendant and appellant.

SPOFFORD, J. This is a petitory action for a slave. The plaintiff had judgment below, and the defendant appealed.

The appellant claims to have a valid defence upon the merits. But he has so hedged it about with bills of exceptions, that it is difficult of approach.

The plaintiff was met *in limine* with the objection that the costs of a former suit between the same parties for the same cause of action had not been paid, although that suit had been dismissed at his costs; but it was dismissed on the exception of the defendant, and was not discontinued or suffered to go by de-

fault. The Articles 492 and 536 of the Code of Practice have no application to the case, and the exception should have been overruled even without evidence of the payment of the costs.

2. The plaintiff's husband appeared by counsel to signify his authorization of the suit, and the exception on the ground of want of authority was properly overruled. It is sufficient if the authority be obtained and produced at any time before the trial upon the merits. C. P. 320, 321.

3. It is immaterial whether the bill of exception to the competency of *McEnery*, as a witness, was well taken or not.

4. The exception filed by the administratrix and tutrix of the minor heir of *Copley*, that she was not bound to answer until served with a copy of the petition, and that the suit abated by her husband's death, is untenable. The Code of Practice only requires a mere citation or notice to the heirs to continue a suit already brought against their deceased ancestor. C. P. 120. The same rule has been held to apply to the case of an administrator. *Smith* v. *Nicholson*, 6 Ann. 705.

5. Most of the depositions offered by the plaintiff in this cause, were taken under commissions, issued in the former suit between the same parties and for the same demand. It seems that the defendant who was an attorney at law and a Judge, anticipated that he should throw that suit out of Court upon an exception. Accordingly when served with copies of the interrogatories, he prefaced his cross-interrogatories with a protest that no action was pending in Court against him which could be maintained, and reserved all his rights in that behalf. As we have already seen, the suit was dismissed upon an exception, but the testimony taken therein contradictorily with *Copley* himself was offered in the present suit, and this forms the subject of another bill of exceptions. The objection is, "that at the time the interrogatories were crossed there was no legal suit pending in Court." We do not perceive its force; there was a suit pending, and its subsequent dismissal could not retroact so as to destroy the testimony taken in it. No objection was made on the ground that the evidence was not taken in this suit.

6. The District Judge wisely exercised his discretion in refusing the amended answer offered by the counsel of the administratrix. Besides the circumstances tending to show that it was offered for delay, it altered the substance of the defence.

7. Neither did the Judge err in requiring the defendant's present counsel to answer the questions put to him, touching the admissions of *Copley* in his lifetime, there being no evidence that those admissions were made to him in the capacity of *Copley's* counsel, or were, in any respect, privileged communications.

8. The proceedings touching the sale of the property of *Copley* by his administratrix were inadmissible under the pleadings. They could only have been offered under the amended answer, which we have determined was properly rejected.

9. The answer closed with a prayer for a trial by jury, and in his brief the appellant complains that it was erroneously disallowed. But not only is there no bill of exceptions upon this subject amongst the abounding stores of the record, but there is an entry that the jury was waived.

10. The plaintiff's minority until about the time of the institution of the suit, suspended prescription, and that plea cannot avail the defendant.

HOWARD
*v.*
COPLEY.

At length we reach the merits.

The suit was filed in May, 1850. The plaintiff, a married woman, about twenty-one years of age, claimed to be owner of the slave *Jim*, then aged about fourteen years, by virtue of a donation made to her in Mississippi many years ago, by her father, *Wm. T. Day*, and one *Sam'l. Y. Bugg.*

The boy's mother died when he was an infant; she belonged to *Sam'l Y. Bugg* and *Wm. T. Day*, the father of the plaintiff; of course they were the co-proprietors of her issue.

During the minority of the plaintiff, they agreed with each other, to give the boy in controversy to her. It is established by the evidence of several witnesses whom the District Judge believed, that an oral agreement of this kind was entered into in Mississippi by the co-proprietors of the boy shortly after the death of his mother ; that it was consummated there by a delivery of possession, a possession as owner, which continued several years without contradiction, the boy being known and spoken of as the plaintiff's property ; that after the death of *Day*, *Bugg*, one of the donors, decoyed the slave across the river to the Louisiana side, and sold him, or his pretended interest in him, for the sum of $150, to *G. W. Copley*, who was acting as attorney for the curator of the succession of *Wm. T. Day*, opened in Louisiana, and who had previously been counsel for the absent heirs, of whom the plaintiff was one.

There is strong reason to believe that *Copley* had full notice of the plaintiff's rights before he bought.

The gift of a slave by parol is valid by the laws of Mississippi.

When the gift is to a minor, no formal act of acceptance is necessary on behalf of the minor.

The continued possession of the boy by the plaintiff, or by her friends in her name, and her claim under the donation, prosecuted since she has become of age, sufficiently indicate her acceptance of the gift.

With the District Judge we are satisfied of the identity of the slave claimed by both parties.

The plaintiff has asked an amendment of the judgment, allowing hire from the year 1841, when *Copley* took possession. Although he was not a possessor in good faith, yet the value of the services of the slave since that time are not proved ; and, considering his youth, we cannot presume that they were sufficiently valuable to justify us in increasing the sum awarded by the District Judge. Judgment affirmed.