HIGGINS, Justice.
 

 This is a suit by a foreign corporation against the state of Louisiana to recover kerosene taxes amounting to the sum of $4,913.42, and inspection fees 'of $135.68 paid under protest when the supervisor of public accounts, now the collector of revenue of the state, caused to be seized
 
 *781
 
 certain tank car quantities of the liquid said to be subject to the taxes.
 

 The defendant filed an exception alleging plaintiff’s lack of capacity to stand in judgment on the ground that it had failed to meet the requirements of Act No. 8 of the Third Extra Session of 1935. The learned district judge sustained the exception and the plaintiff appealed.
 

 On the trial of the exception, the state offered and filed in evidence the following documentary proof:
 

 (1) The plaintiff’s petition in which it is alleged that it is a foreign corporation, domiciled in the state of Missouri, and that it was doing business in the state of Louisiana.
 

 (2) Certificates of the secretary and assistant secretary of state showing that the plaintiff had never paid a corporation franchise tax to the state of Louisiana, and that it was not authorized to do business in this state.
 

 (3) A certified report of the plaintiff for the month of December, 1935, showing tank car shipments in Louisiana of the alleged kerosene upon which it had paid the kerosene tax to the state.
 

 (4) A certified statement furnished the State Department of Revenue by the plaintiff showing its sales to consignees in Louisiana of kerosene purchased by it in Louisiana fro'm the period of December 28, 1934, up to and including December 23, 1935.
 

 John F. Boyle, assistant collector of revenue in charge of the collection of gasoline and kerosene taxes for the state, testified as to the manner in which the plaintiff conducted its business in Louisiana, through its agent in Louisiana,' who forwarded the contracts to St. Louis, Mo., for approval. On cross-examination, it was brought out that the plaintiff did not maintain any office or place of business in 'the state, but transacted its business through its Louisiana agent. The plaintiff offered no evidence.
 

 Section 1 of Act No. 8 of the Third Extra Session of 1935 reads as follows:
 

 “Be it enacted by the Legislature of ' Louisiana, That no foreign corporation doing business in this State shall be permitted to present any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein, and unless and until it has paid all taxes, excises and licenses due to the State, provided that nothing in this act shall be construed to prevent the bringing of a cause of action against any such foreign corporation.”
 

 It is clear that, in order for the provisions of the above section to be applicable, it must appear that the foreign corporation (1) failed to comply with the laws -of this state to do business here; (2) failed to pay the state the excise and license taxes due by it; (3) that it is a foreign corporation; and (4) that the foreign corporation is doing business in the state.
 

 . Although, section 2 of the statute places the burden of proof upon the foreign cor
 
 *783
 
 poration, in the instant case the state went forward and offered all the proof, which conclusively shows that the plaintiff failed to meet the first two requirements of the statute, and that plaintiff is a foreign corporation.
 

 Plaintiff contends that it is not doing business in Louisiana, because it is transacting interstate business. One of the allegations of its petition is that it is doing business in Louisiana. Its report shows that it complied with the kerosene tax statute of Louisiana by filing with the collector of revenue a report of its operations in the state for the month of December, 1935, and paid the taxes due. Its Louisiana agent or representative, according to its own report, purchased from the Louisiana Oil Refining Corporation in Shreveport, La., and sold to 48 different purchasers, in carload lots, 442,501 gallons of petroleum products during the period from December 28, 1934, through December 23, 1935, and all of these transactions were .conducted in the plaintiff’s name and were continuous from month to month throughout the year.
 

 The rule of law is that, when a foreign corporation transacts a substantial part of its ordinary business in a state, it is doing, transacting, and carrying on or engaging in business therein. C.J. 14-A, 1270; General Railway Signal Company v. Virginia, 246 U.S. 500, 38 S.Ct. 360, 62 L.Ed. 854, and Harnischfeger Sale Corporation v. Sternberg Company, Inc., 179 La. 317, 154 So. 10; Duluth Log Co. v. Pulpwood Co., 137 Minn. 312, 163 N.W. 520; Meade Fibre Co. v. Varn, 4 Cir., 3 F.2d 520; International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; M. A. Kelly Broom Co. v. Missouri Fidelity & Casualty Co., 195 Mo.App. 305, 191 S.W. 1128.
 

 In the case of International Textbook Co. v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678, 27 L.R.A.,N.S., 493, 18 Ann.Cas. 1103, in discussing the question of interstate commerce, the court held that: The test of interstate commerce is transportation from one state into another. If the goods are already in the state when sold, there can be no transportation into the state under the contract and the transaction cannot be interstate. The court said:
 

 “Importation into one state from another is the indispensable element, the test of interstate commerce.”
 

 See, also, C.J., vol. 14A, p. 1283.
 

 In the case at bar, the merchandise was purchased, sold, and delivered within the state of Louisiana and there were no interstate shipments, consequently, the plaintiff was not engaged in interstate business or commerce.
 

 Plaintiff also contends that Act No. 8 of the Third Extra Session of 1935 is not apposite here, because its cause of action arose prior to the time the statute became effective and • that the statute cannot be given retroactive effect.
 

 Conceding that the plaintiff’s cause of action arose between December 20, 1934, and July 19, 1935, as set forth in article
 
 *785
 
 3 of its petition, and that the statute did not go into effect until 12 o’clock noon, July 24, 1935, in accordance with article 3, § 27, of the Constitution of 1921, it is obvious that the statute was in effect at the time the suit was filed on August 10, 1936. It is clear from the wording of the act that, from and after the effective date - thereof, a foreign corporation doing business in this state could not bring any judicial demand before any court of this state, unless and until it had complied with the laws of this state to do business here, and unless and until it had paid all taxes, excises, and licenses due the state. It is not necessary to give the statute retroactive effect, in order for it to apply to the plaintiff’s case.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
 

 O’NIELL, C. J!, does not take part.,
 

 LAND, J., absent.