**18 So.2d 611**

## HESS WARMING & VENTILATING CO., Inc., v. HOME COMFORTS CORPORATION et al.

### No. 37317.

May 22, 1944.

Clarence F. Favret, of New Orleans, for plaintiff and appellant.

Weiss & Weiss, of New Orleans, for defendants and appellees.

ROGERS, Justice.

Hess Warming & Ventilating Company, Inc., an Illinois corporation, brought this suit on two promissory notes in the principal sum of $2,500 against Home Comforts Corporation, a Louisiana corporation, and William Geiseler and J. T. Pantall, resi-

dents of the State, the makers of the notes. Geiseler filed an exception of no cause of action which was sustained, and plaintiff is appealing from the judgment.

No specific objection to the petition is set forth in the exception, but appellee in argument predicates his exception on the contention that plaintiff corporation was without right to prosecute the suit because the petition fails to show that the petitioner has met the requirements of Act No. 8 of the Third Extra Session of 1935. The act denies to any foreign corporation doing business in this State the right to present any judicial demand before any court of the State unless and until it has complied with the laws of the State for doing business herein and unless and until it has paid all taxes and licenses due the State.

Appellant complains that the exception was erroneously sustained, because it is not a plea that can be properly employed in a case of this kind. Appellant's complaint is well founded.

It is a familiar rule of practice that an exception of no cause of action admits for the purpose of the trial thereof all the factual averments of the petition. From which it follows that the function of the exception is not to traverse the facts alleged in the petition, but to test their legal sufficiency. Where an exception alleges or involves questions of fact it brings into the case questions requiring the introduction of evidence upon which the exceptor must rely in order to maintain the exception. No conclusion can be drawn from the averments of the petition filed in this case that the plaintiff corporation has failed to meet

the requirements of Act No. 8 of the Third Extra Session of 1935, or that it is amenable to the provisions of the statute. The suit is one on past-due promissory notes in which the plaintiff corporation, organized, domiciled and doing business in the State of Illinois, as the holder for value before maturity, seeks recovery from the makers of the notes. The petition contains an actual description of the notes which are also attached to and made part of the petition. Therefore, the petition on its face states a cause of action, which is not affected by the fact that the plaintiff is a corporation organized and domiciled in another State. The question as to whether the plaintiff corporation is amenable to the provisions of Act No. 8 of the Third Extra Session of 1935 is a question which involves its right and capacity to prosecute this suit and to stand in judgment herein. That question has nothing whatever to do with the plaintiff's cause of action as such. It involves an affirmative defense which must be raised by special plea and disposed of by the introduction of evidence. In most jurisdictions, it is held that it is not necessary for a foreign corporation, in order to maintain an action, to allege compliance with the statutory requirements imposed upon foreign corporations as a condition or limitation on the right to do business or to sue in the State, but that non-compliance therewith is a matter of defense to be pleaded in bar or in abatement according to the construction placed upon the statute in the particular jurisdiction. 14A C.J., § 4069, p. 1358. 20 C.J.S., Corporations, § 1909.

The rule is founded upon the presumption in favor of the right of a foreign corporation to do business or to sue, because it is always presumed that persons obey the law. State v. Robb-Lawrence Co., 15 N.D. 55, 106 N.W. 406. Southern Lumber Co. v. Holt, 129 La. 273, 55 So. 986.

A foreign corporation, in order to maintain an action in this State, is not required to anticipate a plea of want of capacity to institute and prosecute the suit and to stand in judgment because of its noncompliance with the statutory requirements imposed upon such corporations as a limitation of their right to sue. The incapacity of a foreign corporation to maintain its suit may be waived. Many persons observe their moral obligations as faithfully as they do their legal enforcible obligations and the books are full of instances where enforcible judgments have been rendered in such cases. Succession of Thompson, 191 La. 480, 186 So. 1.

Where a defendant, by special plea, resists the suit of a foreign corporation on the ground of its noncompliance with the provisions of Act No. 8 of the Third Extra Session of 1935, there must be a hearing on the plea, at which the foreign corporation may be able to establish, as required by the act, that it has complied with the statutory provisions, or that the statute is not applicable to the corporation, or to the kind of action it is attempting to prosecute.

It has been held in this State that Act No. 8 of the Third Extra Session of 1935

does not apply to transactions under the protection of the interstate commerce clause of the Federal Constitution. It was so held by this Court in Graham Mfg. Co. v. Rolland, 191 La. 757, 186 So. 93, and by the Court of Appeal for the Second Circuit in Norm Advertising, Inc. v. Parker, 172 So. 586.

In R. J. Brown Co. v. Grosjean, 189 La. 778, 180 So. 634, a foreign corporation was denied recovery because the allegations of its petition and the evidence in the case showed that the corporation was doing business in Louisiana, and that it had failed to comply with the law entitling it to maintain its action.

In the three above-mentioned cases, the question was raised by a plea to the jurisdiction, by an exception of want of capacity to sue and stand in judgment, and by an exception of no right of action and an answer, and in all the cases evidence was taken as to whether the transaction involved in the suits actually constituted doing business in the State and as to whether the suing corporations as a prerequisite to instituting their suits. had qualified with the Secretary of State and paid all taxes imposed upon foreign corporations doing business in the State.

For the reasons assigned, the judgment appealed from is annulled; the exception of no cause of action is overruled, and the case is remanded to the district court for further proceedings according to law; costs of this appeal to be paid by appellee, all other costs to await the final disposition of the suit.