HAMITER, Justice.
 

 Outdoor Electric Advertising, Inc., a Texas corporation, instituted this suit on
 
 *347
 
 June 26, 1942, to recover the sum of $2828, alleging that such amount represented the balance due by defendant to it under several written contracts for the erection and maintenance of certain signs along the highways of Louisiana advertising defendant’s business. Thereafter it filed a supplemental and amended petition amplifying some of the allegations originally made.
 

 On September 2, 1942, defendant answered, admitting the execution of two of the contracts on which the suit is based and tendering primarily the defense that “the plaintiff failed to comply with its obligations under the contracts entered into with respondent in that the signs covered by said contracts were never maintained by plaintiff-in accordance with the terms of said agreements.”
 

 Trial of the merits, on the issues thus created by plaintiff’s pleadings and the answer of defendant, was commenced on December 15, 1942. On that day witnesses for both litigants were examined in open court,. their testimony consuming eighty-seven pages of the transcript; but the trial was not then completed, the parties agreeing that the case would be held over for the purpose of taking additional testimony either by deposition or by oral examination out of court.
 

 In the following February and March, counsel filed stipulations or agreements for the taking of testimony by depositions of witnesses residing in distant states. Before the resumption of the trial and the offering of the depositions, however, defendant, on May 24, 1943, tendered an exception (which he did not name), based on the provisions of Act No. 8, Third E.S., of the Legislature of 1935. These read in part:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That no foreign corporation doing business in this State shall be permitted to present any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein, and unless and until it has paid all taxes, excises and licenses due to the State, provided that nothing in this act shall be construed to prevent the bringing of a cause of action against any such foreign corporation.”
 

 In the exception defendant avers that plaintiff, a foreign corporation, is doing business in this state without having secured the required certificate of authority, and without having paid the various taxes due by it; and he shows that “plaintiff is prohibited from judicially invoking the benefits of the laws of this state and is prohibited from presenting any judicial demand before any court of this state.”
 

 At a separate trial of the exception, the district judge heard evidence on defendant’s averments. _ Later he sustained the exception (referring to it as an exception to the right to assert a right of action) and ordered plaintiff’s suit dismissed. It was his opinion, as the written reasons for judgment discloses, that the exception was of the kind that could be offered at any stage of the proceedings; and he concluded from the evidence adduced that plaintiff was doing business in Louisiana without complying with the laws of this state.
 

 
 *349
 
 Plaintiff appealed devolutively, contending here, as in the trial court, that defendant’s exception is dilatory in nature and cannot be considered or admitted for the reason that it was not pleaded specially in .limine litis before the joining of issue.
 

 Exceptor, on the other hand, insists that the exception is one that may be filed at any stage of the proceeding before final judgment. In the trial court, during the hearing of the exception, exceptor’s counsel remarked: “It is an exception leveled at the legal right of the plaintiff to bring an action in the courts of this state.” Here, in their brief, counsel argue:
 

 “ * * * The State has seen fit to prohibit such corporation from using its Courts until they comply with its laws and pay all taxes, etc. due to the State, and the Court should ex proprio motus, dismiss such a suit, even in the absence of pleading by the defendant, should the record reveal the doing of business, and the failure to have complied with the laws for the doing of business in this State.”
 

 Similar exceptions have been urged in other cases previously before the courts of this state, being designated therein by various names. That filed in Norm Advertising, Inc., v. Parker (Court of Appeal, Second Circuit) was called an exception to the jurisdiction of the court. It was referred to in R. J. Brown Co. v. Grosjean, 189 La. 778, 180 So. 634, ás one of plaintiff’s lack of capacity to stand in judgment. In Proctor Trust Company v. Pope, La. App., 12 So.2d 724, the designation was an exception to procedural capacity. This .court in Hess Warming & Ventilating Company, Inc. v. Home Comforts Corporation et al., 205 La. 1045, 18 So.2d 611, 612, inferentially termed it a plea of want of capacity to institute and prosecute the suit and to stand in judgment. But in none of those previous cases has there been considered or determined the matter of when during the pendency of the proceeding the exception should and must be offered.
 

 Obviously defendant’s exception is not that of no cause of action which may be pleaded after issue is joined. In the Hess case, cited supra, it was said that the exception of no cause of action admits for the purpose of the trial thereof all the factual averments of the petition, and that its function is not to traverse the alleged facts but to test their legal sufficiency. •Further, we observed in that case:
 

 “ * * * The question as' to whether the plaintiff corporation is amenable to the provisions of Act No. 8 of the Third Extra Session of 1935 is a question which involves its right and capacity 'to prosecute ■this suit and to stand in judgment herein. That question has nothing whatever to do with the plaintiff’s cause of action as such. It involves an affirmative defense which must be raised by special plea and disposed of by the introduction of evidence. * * ”
 

 Neither’can defendant’s plea be treated as an exception of no right of action. An’ exception of that kind .is. in the nature of, perhaps the same as, the exception to the want of interest in the 'plaintiff to maintain the suit. Its basis, as is shown by many cases - in which it has been .considered, is Article 15 'of the .Code .of- Pr.acr
 
 *351
 
 tice which recites: “An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.” The purpose served by the exception of no right of action is shown by the following language used in Succession of Breaux, 168 La. 712, 123 So. 300:
 

 “* * * We are not prepared to say that the plaintiff’s petition would set forth a cause of action, or sufficient ground for annulling the judgment of probate, if the plaintiff disclosed a right of action, or an interest to be served by annulling the judgment of probate. We prefer, however, to rest our affirmance of the judgment appealed from upon the fundamental proposition that, as far as the allegations of the plaintiff’s petition go, he has no interest whatever to serve by this suit, and hence no right of action. A lawsuit can be maintained only by or on behalf of one who has an actual interest in the matter complained of. Code of Practice, art. 15.”
 

 Likewise, in Tichenor v. Dr. G. H. Tichenor’s Antiseptic Co., 180 La. 119, 156 So. 194, the court sustained an exception of no right of action, the decision being based on Code of Practice Article 15 and the finding that plaintiff had no interest in the 'contract sued on.
 

 Clearly then defendant’s exception, predicated on the 1935 Act, is not an exception of no right of action which may be pleaded at any time. The interest of plaintiff in the subject matter of this litigation is not challenged; if it were, the challenge would be unavailing, for, as shown by the written contracts attached to the petition, plaintiff has an immediate and direct interest therein.
 

 The statute relied on by defendant, Act 8 of the Third E.S. of 1935, above quoted, prohibits a foreign corporation that is doing business in this state from using our courts unless and until it has qualified to do business here and has paid all funds due by it to the state. By employing the word “until” in the statute the Legislature has impliedly authorized the foreign corporation to avail itself of our judicial system whenever the stated conditions are fulfilled. Thus, under this interpretation, a corporation that has been subjected to a dismissal of its suit because of such statutory grounds can bring the suit anew after discharging its mentioned obligations to the state. From this it necessarily follows that the exception based on the 1935 Act can not defeat the foreign corporation’s action; it can merely delay its prosecution.
 

 Exceptions are means of defense used by the defendant to retard, prevent or defeat the demand brought against him. Code of Practice, Article 330. Those-that do not tend to defeat the action, but only to retard its progress, are termed dilatory exceptions, Code of Practice Article 332, and they must be pleaded specially in limine litis, before issue is joined, otherwise they shall not be admitted, Code of Practice, Article 333.
 

 Defendant’s exception could not defeat plaintiff’s action, as above shown, but could only retard the progress of the litigation; hence, under the plain provisions of the Code of Practice, it was purely dilatory in
 
 *353
 
 nature. Being dilatory, and since it was not pleaded in limine litis before the joining of issue, we must hold that defendant has waived the right of asserting the incapacity of the plaintiff corporation to maintain this suit.
 

 The Hess case, cited supra, although not decisive of the instant issue, contains the following observation appropriate to the conclusion just announced:
 

 “A foreign corporation, in order to maintain an action in this State, is not required to anticipate a plea of want of capacity to institute and prosecute the suit and to stand in judgment because of its noncompliance with the statutory requirements imposed upon such corporations as a limitation of their right to sue. The incapacity of a foreign corporation to maintain its suit may be waived. Many persons observe their moral obligations as faithfully as they do their legal enforcible obligations and the books are full of instances where enforcible judgments have been rendered in such cases. Succession of Thompson, 191 La. 480, 186 So. 1.”
 

 What we have said above is applicable to the litigants in this cause — plaintiff and defendant. The State of Louisiana, in the interest of which the discussed legislation was obviously enacted, has not intervened in and is not a party to this suit; consequently, its rights under the statute are not before us for consideration and are not determined herein.
 

 For the reasons assigned the judgment appealed from 4s reversed and set aside, defendant’s exception is overruled, and the case is remanded to the district court for further proceedings according to law. Defendant shall pay the costs of this appeal, and all other costs shall abide the final determination of the case.
 

 O’NIELL, C. J., takes no part.