ELLIS, Judge.
In this suit plaintiffs are asking that the boundaries between their property and that of the defendant be judicially fixed. The defendant filed an exception of no right of action coupled with a plea of estoppel. The testimony was heard over the objection of counsel for plaintiff, and the exception of no right of action and the plea of estoppel were sustained and the plaintiffs have appealed.
The plaintiffs have alleged that they are the owners of certain property described in the petition and set forth their acquisitions to the property by reference to the deeds, and allege their actual, physical; corporeal possession under their titles, and. they further allege that the defendant owns property contiguous, .that is, with a common boundary. They then set up the fact that in 1922 the defendant’s ancestor in title, one Palmer, caused a survey to be made of the common boundary line and established it as being a section line betwéen sections SI and 52 of Township 2 South Range 1 West, and that this survey was accepted by the then owner of the contiguous property. They further allege that their ancestor in title, Lewis Klein, and defendant’s ancestor in title, Dr. Holcombe, during their respective lifetimes had been in accord as to the boundary between their separate property, and that it was substantially along said sec *367 tion line. Plaintiffs then allege that there is a dispute between them on the one hand and the defendant William C. Connell on the other, as to the location of the boundary between their respective estates, which dispute involves a substantial acreage lying to the south of said section line between Sections .51 and 52 and .between McKowen’s branch and the east prong of Thompson’s Creek, and that they desire and are entitled to have the boundary between the properties owned by them and by defendant herein fixed contradictorily by judgment of this Honorable Court.
They have clearly shown a right of action. We had occasion recently in the case of Vegas v. Cheramie, La.App., 69 So.2d 66, 67, to consider an exception of no right of action. In this case we said:
“While we agree that it is proper to hear testimony on an exception of no right of action see Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358, we do not believe that defendants’ exception in the instant case can properly be construed as one of no right of action so as to admit of evidence on the trial thereof. While we recognize that it is common practice in the State of Louisiana to combine exceptions of no right and no cause of action the fact remains that there is a decided difference between the two1. This difference has perhaps been best explained by Professor Henry G. McMahon in 11 Tulane L.R. 527, 523 and 533 as follows:
“ ‘There is no doubt that in a number of cases the plaintiffs lack of interest in the litigation has been raised through the medium of the exception of no cause of action. But despite the fact that the latter has been employed successfully in a number of cases where no question was raised as to its applicability, a difference between the respective functions of these two exceptions obtains in modern Louisiana procedure. This distinction has been pointed out by the writer elsewhe-re, when it was said, in stating the difference of function between the exception of no cause of action and that of no right of action, that:
“ ‘ “The former is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter is employed (in cases where the law affords a remedy) to, raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor -the law extends the. remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.”
“ ‘From the writer’s opinion that the only difference between the exception of no right of action and want of interest is in name, it would follow that the distinction noted above likewise obtains between the exceptions of no cause of action and want of interest. The .functions of the former is to raise the general issue as to whether any remedy is afforded by the law; that of the latter is to raise the question of whether a remedy afforded by the law.can be invoked by a particular plaintiff. The former relates generally to the action; the latter, specifically to the person of the plaintiff,’ ” (Emphasis ours.)
See also Outdoor Electric Advertising, Inc. v. Saurage, 207 La. 344, 21 So.2d 375.”
It would appear that clearly these plaintiffs were entitled to invoke the remedy afforded by the law viz., a boundary action.
An examination of defendant’s exception of no right of action and plea of estoppel reveals that it is more in the nature of an answer to the merits, for it sets up that the plaintiff’s property is entirely separated from defendant’s property by artificial and natural bounds which are the same bounds which separated said properties when defendant acquired his property, and that “as will appear by said deed, the property of the defendant lies to the north and west of the property of ‘Kline’ which is the property of the plaintiffs herein”. Therefore, admitting the properties to be contiguous it then sets *368 up that the “branch” referred to as a boundary of a .part of plaintiff’s property is Mc-Kowen’s Branch. Next, in Article 5 of the alleged exception and plea of. estoppel, defendant denies any knowledge of any alleged agreement between the plaintiffs’ and defendant’s predecessors in title fixing the section line as a boundary, and he then sets forth that should the section line be fixed as the boundary it would entirely eliminate McKowen’s Branch as one of the plaintiffs’ boundaries, which defendant contends is meant by the word “branch” in their title and would materially alter the existing boundary.
The defendant next sets forth that defendant purchased his property in good faith and reliance upon existing natural and artificial boundaries separating the property purchased by him from that of the plaintiffs without knowledge or notice of any agreement between defendant’s and plaintiffs’ predecessors in title. The defendant then concludes that the plaintiffs are estopped from claiming as their boundary a line which would entirely eliminate McKowen’s Branch which he claims is one of plaintiff’s boundaries, and which would naturally change the existing fence lines between the property of plaintiffs and that of defendant.
The trial of these pleas over the objection of counsel for plaintiff resulted in a trial on the merits of the case insofar as the defendant was concerned.
Counsel for defendant contends that the case of Harper v. Learned, 199 La. 398, 6 So.2d. 326, is directly in point. In that case the plaintiff sought to have the boundary between batture properties owned by him and defendant fixed. The defendant filed a plea of estoppel based on an averred agreed and established boundary line between the land in question, pleas of prescription of ten, twenty and thirty years, and an answer coupled with exceptions of no right and no cause of action. There was an “extended trial” after which the plea of estoppel was sustained. It therefore does not support defendant’s contention.
The judgment of the District Court is hereby reversed the exception of no right of action overruled, and the plea of estoppel referred to the merits and the case remanded for trial thereon.
The record fails to show how much land is in dispute, however, in oral argument counsel admitted that it was “gravel land”. The amount, kind and nature together with the value must be shown in order to fix the proper appellate jurisdiction. It is therefore suggested that this be done upon the trial of the merits.