119 So.2d 164 (1960)
J. R. WATKINS COMPANY
v.
Wallace C. FLOYD, Wallace Lee, and W. H. Dykes.
No. 4982.
Court of Appeal of Louisiana, First Circuit.
March 21, 1960.
*165 Palmer & Palmer, Amite, for appellant.
E. H. Bostick, Jr., Amite, for appellees.
Before LOTTINGER, TATE, FRUGÉ, LANDRY and PUGH, JJ.
PUGH, Judge ad hoc.
Alleging that it is a corporation organized under the laws of Delaware, The J. R. Watkins Company brought this action to recover $1,123.69, the alleged unpaid balance due to it for merchandise sold and delivered to the defendant, Wallace C. Floyd. The other defendants, Wallace Lee and W. H. Dykes, are sued as Floyd's alleged sureties. In response to plaintiff's petition, defendants excepted, contending that the petition disclosed no right of action and no cause of action, and that plaintiff lacked procedural capacity. This appeal was taken from the judgment of the District Court sustaining these exceptions, without written reasons.
It is clear from the evidence, and from the briefs and oral argument, that defendants' exceptions were prompted by the provisions of LSA-R.S. 12:211:
"A. No corporation doing business in this state shall be permitted to present any judicial demand before any court of this state, unless it has complied with the laws of this state for doing business herein, and has paid all taxes, excises, and licenses due to the state. This Section shall not be construed to prevent the bringing of a cause of action against any corporation.
"B. The burden of proof shall rest upon the corporation to establish that it has complied with the laws of this state for doing business herein. The only legal evidence of such compliance shall be the certificate of the Secretary of State or a duly authenticated copy thereof.
"C. The burden of proving that a corporation has not paid any tax, excise or license due to the state shall rest upon the party asserting such fact, which fact may be proved by a certificate from the proper tax collector or by any other competent evidence."
For a time there was some confusion in the jurisprudence as to the exact nature of the procedural exception which would bring into operation the provisions of Act No. 8 of the Third Extra Session of 1935, incorporated into the Revised Statutes as LSA-R.S. 12:211.[1] Discussing defendant's unnamed exception based upon this Act, the Supreme Court in Outdoor Electric Advertising, Inc. v. Saurage, 1945, 207 La. 344, 349, 21 So.2d 375, 377, stated:
"Similar exceptions have been urged in other cases previously before the courts of this state, being designated therein by various names. That filed in Norm Advertising Inc. v. Parker (Court of Appeal, Second Circuit [172 So. 586]) was called an exception to the jurisdiction of the court. It was referred to in R. J. Brown Co. v. Grosjean, 189 La. 778, 180 So. 634, as one of plaintiff's lack of capacity to stand in judgment. In Proctor Trust Company v. Pope, La.App., 12 So.2d 724, the designation was an exception to procedural capacity. This court in Hess Warming & Ventilating Company, Inc. v. Home Comforts Corporation, 205 La. 1045, 18 So.2d 611, 612, inferentially termed it a plea of want of capacity to institute and prosecute the suit and to stand in judgment."
The Court in that case then went on to hold that the exception based upon the statute *166 in question was neither an exception of no right of action nor an exception of no cause of action. From what was said by the Supreme Court in the Outdoor Electric case and in the earlier case of Hess Warming & Ventilating Co., Inc. v. Home Comforts Corp., 1944, 205 La. 1045, 18 So.2d 611, we feel that it is now clear that the proper procedural exception for invoking the provisions of LSA-R.S. 12:211 is the exception to procedural capacity. See also McMahon, Louisiana Practice 350 (1956 Supp.). Counsel on both sides have directed their briefs and oral arguments to the single problem of plaintiff's procedural capacity. Defendants have made no argument in favor of their exceptions of no right of action and no cause of action and apparently do not now rely upon either. As noted, neither of these exceptions is the proper procedural vehicle to invoke the provisions of LSA-R.S. 12:211. We find no merit in either the exception of no right of action or the exception of no cause of action.
The exception to procedural capacity is a more difficult problem. Defendant contends that plaintiff corporation was "doing business" in this State at the time suit was filed, that it had not complied with provisions of our law relative to qualifying to do business here, and therefore that this exception should be maintained. Plaintiff readily concedes that it had not qualified to do business in Louisiana at the time this suit was filed, but argues that, under the statutory provisions in question, such qualification was totally unnecessary; for it contends that in fact it was not then "doing business" in this State within the meaning of LSA-R.S. 12:211. Whether a foreign corporation is or is not "doing business" within this State within the purview of this statute is a mixed question of law and fact. See Quaker Hill, Inc. v. Guin, La. App.1957, 95 So.2d 370, and the cases there cited. The status of the plaintiff corporation in this regard has been before the courts of this State on other occasions. See J. R. Watkins Co. v. Goudeau, La.App. 1953, 63 So.2d 161 and J. R. Watkins Co. v. Stanford, La.App.1951, 52 So.2d 325. For the reasons hereafter stated, however, we find it unnecessary to rule as to whether, in the light of the evidence adduced in this case, plaintiff was or was not "doing business" in this State within the intendment of the statutory provision at the time suit was filed.
There is uncontradicted testimony in the record that on September 15, 1958, while this exception was pending and still undecided, plaintiff corporation qualified as a foreign corporation to do business in Louisiana, and thereafter leased a store from which it sold merchandise. There is also in the record, although the circumstances of its inclusion therein are not altogether clear, a certificate signed by the Secretary of State attesting that on the above-mentioned date the plaintiff corporation "filed charter and qualified to do business in this State." Moreover, defense counsel in his brief stated that subsequent to filing suit in this case, plaintiff corporation did in fact qualify to do business here.
Did plaintiff corporation's subsequent qualification cure whatever procedural incapacity which may have existed at the time suit was filed? We are convinced that it did, and that it therefore becomes unnecessary for us to determine whether prior to such qualification, plaintiff corporation was or was not "doing business" in this State within the meaning of LSA-R.S. 12:211.
In several cases, where a procedural incapacity which previously existed was removed prior to trial on the merits, the Supreme Court has ruled that the prior difficulty was cured. See Bonneau v. Poydras, 1842, 2 Rob. 1; Howard v. Copley, 1855, 10 La.Ann. 504; Succession of McDonald, 1874, 26 La.Ann. 590; and Cartwright v. Puissigur, 1910, 125 La. 700, 51 So. 692. This result is in complete harmony with the provisions of the Code of Practice, Articles 320 and 321, which provide as follows:

*167 "320. The defendant may refuse to answer to the merits, if he has good ground for such refusal, as if the suit is brought by one pretending to act as the attorney in fact of the plaintiff, and he fail to annex to the petition a copy of his power of attorney, or by a minor without being assisted by his tutor or by a married woman without the authorization of her husband or of the court."
"321. In all cases mentioned in the preceding articles, and in all other cases of the like nature, if the defendant take any such exceptions, and the same be sustained by the court, he shall not be required to answer to the merits, until the documents which he calls for be produced, or until the plaintiff be assisted in such a manner as to enable them to proceed regularly."
Where an exception to procedural capacity has been sustained, and the grounds upon which the exception was based could be removed by permitting the plaintiff to amend or take other action, the later decisions have been very liberal in remanding the case in order to permit such action by the plaintiff. See Wheeler v. Rodriguez, 1930, 13 La.App. 97, 126 So. 715; McVay v. New Orleans Public Service, Inc., La.App.1933, 148 So. 67. See also McMahon, Louisiana Practice 350-51, n. 66 (1939); McMahon, Parties Litigant in Louisiana, 11 Tul.L. Rev. 527, 551-52 (1937). See further the recently published Projet of the Louisiana Code of Civil Procedure prepared by the Louisiana State Law Institute pursuant to Act 335 of 1948, Article 933 and accompanying Comments, and the recent decision of Parr v. Rogers, La.App.1954, 71 So.2d 659, dealing with an allied problem. Contrast Quaker Hill v. Guin, La.App.1957, 95 So.2d 370, 375, which suggests in dictum with regard to an exception based upon the statutory provision here under consideration that where such an exception is sustained, a dismissal as of non-suit, but not a dismissal with prejudice, is appropriate, for the cause of action "is not destroyed by sustention of the exception."
Addressing itself to an exception to procedural capacity of a foreign corporation based upon the predecessor of LSA-R.S. 12:211, the Supreme Court stated in Outdoor Electric Advertising v. Saurage, 1945, 207 La. 344, 352, 21 So.2d 375, 377, 378, that:
"By employing the word `until' in the statute the Legislature has impliedly authorized the foreign corporation to avail itself of our judicial system whenever the stated conditions are fulfilled. Thus, under this interpretation, a corporation that has been subjected to a dismissal of its suit because of such statutory grounds can bring the suit anew after discharging its mentioned obligations to the state. From this it necessarily follows that the exception based on the 1935 Act can not defeat the foreign corporation's action; it can merely delay its prosecution.
"Exceptions are means of defense used by the defendant to retard, prevent or defeat the demand brought against him. Code of Practice, Article 330. Those that do not tend to defeat the action, but only to retard its progress, are termed dilatory exceptions, Code of Practice Article 332, and they must be pleaded specially in limine litis, before issue is joined, otherwise they shall not be admitted, Code of Practice, Article 333.
"Defendant's exception could not defeat plaintiff's action, as above shown, but could only retard the progress of the litigation; hence, under the plain provisions of the Code of Practice, it in purely dilatory in nature." (Italics supplied.)
It is true that the view which was expressed by the Supreme Court of Louisiana in the Outdoor Electric case is not in accord with an interpretation of the statute which impressed the Federal District Court in Milburn v. Proctor Trust Co., D.C.W.D. *168 La.1944, 54 F.Supp. 989, but the Outdoor Electric case is a later decision by our State's highest Court, and of course state courts are completely free to interpret their own statutes. We believe that the position taken by our Supreme Court represents the sound approach.
Although the Supreme Court in the Outdoor Electric case placed emphasis upon the use of the word "until" in Act 8 of the Third Extra Session of 1935, we feel that the deletion of the words "and until" from the phrase "unless and until" when this act was incorporated into the Revised Statutes of 1950 as LSA-R.S. 12:211 is of no significance substantively. This was simply one of a number of changes made in style and phraseology in the 1950 restatement of our law. The change in question was made, we believe, to achieve simplicity of expression and to remove redundancy, not to alter the substance of the law. We therefore agree fully with the views expressed in this connection in an Opinion rendered to the Secretary of State by the Office of the Attorney General on October 24, 1950 (Report and Opinions of the Attorney General of Louisiana, 1950-1952, page 7), which is quoted at some length in footnote.[2]
Because of the foregoing, the nature of the exception to procedural capacity (See McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 527, 538 et seq.), the language *169 of the statute in question, and the Supreme Court's statements in the Outdoor Electric case, we hold that plaintiff corporation's subsequent qualification to do business in this State cured whatever procedural incapacity may previously have existed.
For the reasons assigned, the judgment appealed from is reversed and set aside, defendants' exceptions of no right of action and no cause of action and to plaintiff's procedural capacity are overruled, and the case is remanded for further proceedings according to law and consistent with the views herein expressed. Defendants are to pay the cost of this appeal. All other costs are to await the final outcome of this cause.
ELLIS, J., recused.
NOTES
[1] One of the changes in phraseology which was made at this time will be hereafter discussed.
[2] "Since the above opinion was rendered to you, the Legislature has adopted the 1950 Revised Statutes, and has covered Act 8 of 3rd E.S. of 1935 in R.S. 12:211. Because of the fact that certain words have been omitted in the revised statutes, you wish to know what effect if any this might have upon the law.

"It will be noted that R.S. 12:211A particularly omits after the word `unless' contained in the second line the words `and until', and likewise omits after the word `and' in the fourth line the words `unless and until it'. In other words, this section of the revised statutes uses only the word `unless', and the question has been raised as to whether the omission of the word `until' has in any way changed the law.
"I believe that it is sound legally to say that it was the intention in adopting these revised statutes to carry out the law as existed in the legislative acts from which the statutes are taken, with the purpose, among other things, of clarification and simplification. In compiling these revised statutes, it was doubtless considered that the word `until' as used in the original statute was surplusage. The question of whether or not the use of the word `until' is considered as surplusage probably would not have arisen except for the emphasis placed upon the word `until' in the opinion of the court rendered in Outdoor Electric Advertising v. Saurage, 21 So.2d 375, 207 La. 344. Justice Hamiter, the Organ of the Court, had the following to say:
"`By employing the word "until" in the statute the Legislature has impliedly authorized the foreign corporation to avail itself of our judicial system whenever the stated conditions are fulfilled.'
"The word `unless' has been construed as `until'. See Stramaglia v. Cons Life Insurance, W.Va., 48 N.E.2d 719, 319 Ill. App. 20; Bank of America Nat. Trust & Savings Ass'n v. Sampsell, C.C.A.Cal., 114 Fed.[2d] 211-43 W & P 87.
"In the copyright act the use of the word `until' rather than `unless' indicates that a mere delay in making a deposit of copies is not enough to cause forfeiture of right theretofore distinctly granted. Washingtonian Publishing Co. v. Pearson, 59 S.Ct. 397, 306 U.S. 30 [83 L.Ed. 470], 43 W & P 83.
"The word `unless' when found in an instrument relating to title or in legislative enactments means except; if not, upon any less condition; in any other case; it implying a condition the nonhappening of which prevents a right from arising. In re: Wiegand, D.C.Cal., 27 F.Supp. 725, W & P, Vol. 43.
"Other cases might be cited where such words as `unless', followed by until after, are considered to mean the same thing. Vol. 43 W & P, page 412. Teutonia Ins. Co. v. Johnson, 82 S.W. 480, 72 Ark. 484.
"Despite the apparent emphasis which Justice Hamiter has placed upon the word `until' in the statute, considering the historical background of this legislation and the definitions of the words as hereinabove contained, it is our view that the omission of the word `until' in the Revised Statutes of 1950 did not alter the law, and the word `until' might be treated as surplusage."