HARDY, Judge.
Plaintiff brought suit against defendant for the recovery of the sum of $175, representing the value of a shorthorn heifer alleged to have been accidentally killed by defendant’s negligent operation of an automobile on a public highway in Franklin Parish, Louisiana, in open range territory. After trial there was judgment in favor of plaintiff from which defendant has appealed.
In this court, and before submission of the case, defendant filed exceptions of no cause of action and no right of action, which are predicated upon the contention that plaintiff sued as owner of the animal; that on trial of the case the testimony of plaintiff himself developed the fact that the heifer was owned not by plaintiff but by his five-year old daughter to whom the animal had been given by her maternal grandfather. There is no question as to the correctness of the above facts as set forth in defendant’s exception. Reference to plaintiff’s petition discloses, inter alia, the following allegations; that the animal, for the death of which recovery is sought, was “ * * * a shorthorn heifer owned by your petitioner * * * ”; that defendant “ * * * ran into petitioner's heifer * * * ”; “That upon learning his cow had been killed your petitioner proceeded to the scene * * * ”; “That the sole cause of the death of petitioner’s heifer and resulting loss to petitioner was the negligence of the defendant * * * ”; “That your petitioner was damaged in the amount of $175.00 by the loss of his heifer * * (Emphasis supplied.)
On trial plaintiff testified, circumlocuit-ously, as follows:
“Q. Isn’t is a fact that this cow didn’t belong to you, it belonged to your daughter? A. The baby belonged to me, the cow belonged to the baby, and the baby belonged to me. Yes, sir. That is right.
“Q. How old is that baby ? A. At the time she was about five years old.
“Q. And she was given this cow by someone else ? A. By her grandfather.”
In the light of plaintiff’s own allegations and testimony we hold it is conclusively established that while he sued as owner the real ownership was vested in his minor child.
 It is evident that defendant’s exceptions may be reduced to the exception of no right of action which is in effect, in this instance, an exception of want of interest. The gist of defendant’s contention in support of the exception is that under Article IS of the Code of Practice an action can only be brought by one who has a real and actual interest which he pursues in such action.
We think it is clear that the exception is well taken. Reduced to the simplest essential the fact is that this plaintiff sued as owner for the value of property accidentally destroyed and it is established by the record on trial that the ownership of the identical property was vested in another person.
Counsel for plaintiff urges that the exception should be overruled on the ground that it comes too late; that the weight of the evidence sustains the allegation that the ownership was vested in plaintiff, and, finally, that if the cow was owned by plaintiff’s minor child the legal usufruct thereof was vested in plaintiff, the father of said minor.
Plaintiff’s first point of opposition is disposed by the well established rule that the peremptory exception of want of interest, or, as denominated in this case, no right of action, may be filed at any stage of the proceeding, even on appeal, prior to definitive judgment. Cf. McMahon Louisi- *352 ant Practice, Volume 1, page 455, n. 84; “The Exception' of Want of Interest” (Henry George McMahon), 11 Tulane Law Review, 527.
We have already disposed of plaintiff’s second contention by the finding of fact above noted that plaintiff was not the owner of the animal.
 With plaintiff’s asserted right of usufruct and any attendant right as usu-fructuary to recover the value of the usu-fruct, we cannot be here concerned. Plaintiff did not allege any right to recover on this basis and we do not feel it is within the province of the court to substitute a capacity and an interest which is entirely inconsistent with his own allegations and proof.
For the reasons assigned the judgment appealed from is reversed and set aside, defendant’s exception of no right of action is sustained, and plaintiff’s suit is dismissed at his cost.
GLADNEY, J., dissents, giving written reasons.