McBRIDE, Judge.
Metryclub Gardens Association, the plaintiff, a nontrading corporation organized in 1929 “for the mutual protection of the property holders within that area in the Parish of Jefferson, State of Louisiana, known generally as Metryclub Gardens * * * ” alleging “it is authorized to receive, possess and exercise all the rights established in favor of Metairie Park, Inc., and of its successors in title under the agreements and stipulations heretofore and hereafter set forth in all acts of sale in said area, made by said Metairie Park, Inc., to various purchasers and particularly to enforce the covenants and obligations contained in said sales and agreements as fully and in every respect as the same can or could be enforced by said Metairie Park, Inc.,” has sued Edwin J. Friedrichs, the defendant, for the sum of $140.40, represent *521 ing alleged assessments due on the property of the defendant located in the Metryclub Gardens Subdivision, under certain stipulations contained in the act of sale where-under defendant acquired his property, said assessments covering the period beginning January 1, 1953, up to and including June 30, 1957.
The defendant has appealed from a judgment rendered in favor of the plaintiff by the court below.
Defendant acquired title on June 29, 1948, by purchase from Loys Charbonnet (whose title was derived from Metairie Park, Inc.), the act of sale containing the following covenants:
“7. The above described property is sold subject to an assessment for the upkeep of the roads, parkways, care development and beautification of the entire subdivision. This assessment shall be payable semi-annually in advance, on the first days of January and July in each year and shall not exceed fifty cents per front foot per year unless increased by a majority of property holders by the front foot through the medium of the Parking Commission organized for that purpose.
“8. All the foregoing conditions, stipulations and agreements shall be binding upon the purchaser, his heirs and assigns and they shall subsist and run with the land for fifty years from and after the year 1925, vesting in the vendor and any present or future owner or owners of property situated within this subdivision and by those holding under them the right to prevent and prohibit the violation of the same and to enforce the same by any legal and proper methods whatsoever.”
The amount sued for herein represents the assessments said to arise under covenant No. 7 above set forth.
The defendant interposed several exceptions to the suit, one setting forth that plaintiff’s petition discloses no cause or right of action, and the other stating there. is a lack of capacity on the part of plaintiff to sue and stand in judgment. Said exceptions, which were overruled below, are strenuously reurged before us.
These are the kind of exceptions that may be filed or urged at any stage of the proceedings, even on appeal. Outdoor Electric Advertising, Inc. v. Saurage, 207 La. 344, 21 So.2d 375; Priest v. Browning, La.App., 65 So.2d 350; Brooks v. Smith, La.App., 35 So.2d 613. A defendant may urge in support of such exceptions any fact disclosed by the record. Lunkin v. Triangle Farms, Inc., La.App., 24 So.2d 213.
From the record we learn that all property in Metryclub Gardens was originally owned by Metairie Park, Inc., the subdivider, from which all present titles to property in the subdivision descend. It will be noted that in the covenants quoted above no provision is made for the collection of the assessments mentioned therein, nor is it stated to whom the owner of the property is indebted therefor, and the only conclusion that can reasonably be reached is that it was contemplated that the assessments were to be assessed, collected and administered by the subdivider, i. e., Metairie Park, Inc.
The plaintiff was organized by six individuals denominated as the incorporators, but the charter does not state they were connected with or represented Metairie-Park, Inc., or what interest they had in Metairie Park, Inc., or what right or interest they would have in seeing to it that collection of the assessments stipulated for in the acts of sale was' enforced.
Nowhere in the act of incorporation, or' in any other act, covenant, or contract, has Metairie Park, Inc., conveyed or subro-gated to plaintiff association or to its in-corporators authority to champion or assert its rights, and we cannot comprehend under what theory the association may usurp any rights Metairie Park, Inc., may have had to levy assessments against any property in the subdivision or to enforce *522 payment thereof. Perhaps defendant is indebted to someone for the assessments stipulated in the covenants, but we are unaware of any right, arising- ex contractu or under the law, by which plaintiff association may collect such assessments, and accordingly we do not think plaintiff has any ■standing in court to assert its pretended claim against defendant.
C. P. art. 15 provides in part as follows:
“An action can only be brought by one having a real and actual interest which he pursues, * *
It is true in Metryclub Gardens Ass’n v. Council, La.App., 36 So.2d 56, the present plaintiff recovered judgment against the owner of property in the subdivision for assessments, but in that case the defense which is raised here that the association is without right to prosecute the action or stand in judgment was not tendered and the record then before us did not disclose such a lack of interest.
It is also true that the instant defendant has at one time held membership in plaintiff association, but he subsequently resigned as a member, and all of the assessments sought to be recovered by plaintiff were levied and allegedly became due after defendant’s resignation. Plaintiff’s charter recites “All owners of real property in said Metryclub Gardens are eligible to membership in this corporation * * * ” and this, we think, connotes that membership is on a voluntary basis, and this being so we know of no reason why one assuming voluntary membership could not resign as a member whenever he chose to do so. Defendant certainly would not be liable for any dues or assessments accruing after termination of his membership.
For these reasons, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that the exceptions of no right of action and lack of capacity to sue and stand in judgment be maintained and plaintiff’s suit is dismissed at its cost in both courts.
Reversed.