M'ALLISTER
*vs.*
SRODES.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

M'ALLISTER *vs.* SRODES.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

An agent receiving drafts, and engaging to make title as soon as he collected them, undertakes to present them for payment, and account to the other party for them, or show that one or more of them remained unpaid, before he is exonerated from his obligation.

An agent is bound to administer proof of his performance of the obligation resulting from his agency.

The plaintiff alleges, that the defendant, by a written agreement, dated the 20th July, 1836, bound himself to convey one-eighth of the steamer Moravian to one J. C. Dunn, for the sum of four thousand three hundred and seventy-five dollars, who delivered him two drafts drawn on petitioner for two thousand dollars each, and one for one thousand six hundred dollars on one Wm. Lape, of Rodney, Mississippi ; that Dunn transferred to petitioner, by endorsement on the back of said agreement, all his interest therein, and that the defendant bound himself to convey to Dunn, or his assigns, a complete title to one-eighth of said steam-boat, whenever said drafts were paid.

The plaintiff further shows, that he has paid the two drafts drawn on him, and alleges, that the third one is also paid, and that the defendant has failed to convey the title in said steam-boat to him, as the assignee of Dunn, and

to pay him his share of the profits accrued since the transfer. He prays that the sum of four thousand three hundred and seventy-five dollars be refunded to him with interest, or that the defendant be required to convey the title of one-eighth part of said boat, and to account for the profits received on the same, or in default, that he be condemned to pay him four thousand nine hundred dollars in damages.

EASTERN DIST.
February, 1840.
M'ALLISTER
vs.
SRODES.

The defendant pleaded a general denial.

On the trial, the plaintiff exhibited the two drafts which he had paid, and offered to pay the three hundred and seventy-five dollars balance, if it appeared the defendant, Srodes, had not collected the third draft of one thousand six hundred dollars. It was not shown that this draft was, or was not paid, nor was it accounted for.

The District Court decided that the obligation of the defendant to convey title, depended on a suspensive condition, which had not been accomplished. There was judgment for the defendant, and the plaintiff appealed.

*L. Janin,* for the plaintiff and appellant, insisted :

1. It was the defendant's duty to account for Lape's draft, not the plaintiff's. A party is always required to prove those facts, of which he is particularly cognizant.

2. The plaintiff offered to pay into court the three hundred and seventy-five dollars, wanting to perfect the payment, with the four thousand dollars described in the petition, and ought to have been allowed to do so, and to have obtained judgment in his favor, on making this payment.

*Chinn,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff seeks to recover from the defendant the sum of four thousand three hundred and seventy-five dollars, with interest, which he alleges to be in the hands of the defendant, as the price of one-eighth undivided part of the steam-boat Moravian, which the defendant had undertaken to convey to him, or to obtain its conveyance.

EASTERN DIST.
*February*, 1840.

M'ALLISTER
*vs.*
SHODES.

The defendant pleaded the general issue.

The court was of opinion, that the defendant's obligation to pay depended on a suspensive condition, the happening of which was not proved, and non-suited the· plaintiff, on the ground that he should have administered proof of the facts on which the obligation was to become absolute. The plaintiff appealed.

The consideration of the sale was the sum of four thousand three hundred and seventy-five dollars, and the plaintiff handed over three drafts, amounting to five thousand six hundred dollars, on the defendant's promise to convey title as soon as he had collected the consideration of the sale, and to pay over the balance. It was shown, that two of the drafts, amounting to four thousand dollars, were paid, and the only question presented for our solution, relates to the error in which the appellant's counsel contends the District Court fell into, in requiring him to administer proof of the payment of the third draft, or so much thereof as was necessary to complete the consideration money, to wit : the sum of three hundred and seventy-five dollars.

An agent receiving drafts, and engaging to make title as soon as he collected them, undertakes to present them for payment, and to account to the other party for them, or show that one or more of them remained unpaid, before he is exonerated from his obligation.

An agent is bound to administer proof of his performance of the obligation resulting from his agency.

It appears to us that the district judge erred. The defendant, in receiving those drafts, and engaging to make title as soon as he collected and received the consideration of the sale, certainly undertook to do what was necessary, that is, to present them for payment. He is, therefore, bound to show that he did so unsuccessfully. If that was the case, the draft must be still in his possession, and the production of it is the first step in repelling the plaintiff's claim. He was the plaintiff's agent, *ad hoc*, and is bound to administer proof of his performance of the obligation resulting from his agency. The plaintiff could not be called on for this proof, which cannot be supposed to be within his reach.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, the non-suit set aside, and that the case be remanded for further proceedings according to law, the appellee paying the costs of this appeal.