DAVIS<br>v.<br>COMPTON.

---

## CORNELIA V. FORD v. W. W. SIMMONS.

In a suit brought to recover the value of a slave from the person hiring him, on the ground that the slave was killed on the premises, and while in the possession of the person so hiring, and that the person refuses to account for his death—*Held:* that the Coroner's inquest over the body of the slave was inadmissible as evidence, being " *res inter alias acta.*"

When a slave dies in the possession of the person hiring him, the person so hiring is bound to pay the value of said slave to his owner, unless he can show that he is not liable for his loss, because his death was produced by some cause for which he is not legally accountable—thus is an exception to the general rule that the actor must prove his case.

The *onus probandi* lies upon a party who is obliged to free himself from liability by proving a fact, when the knowledge of that fact is supposed to be more within his reach than that of his adversary.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J.
*Crain & Nutt*, for plaintiff. *Land & Winans*, for defendant and appellant.

COLE, J. This suit is instituted to recover of defendant the value of the slave *Lewis*, hired to him by plaintiff, on the ground that the slave was illegally and by violence killed on the premises of defendant, who refuses to account for his death, and to pay petitioner his value.

The answer is in these words : " In this case the defendant for answer denies all and singular the allegations contained in plaintiff's petition, and especially denies the ownership of the slave *Dennis*, charged with killing the slave of plaintiff." " Wherefore he prays that plaintiff's demand be rejected, with costs."

There was judgment in favor of plaintiff for the value of his deceased slave, and defendant has appealed.

The Coroner's inquest was received in evidence : this was inadmissible, as it was " *res inter alios acta*," but the bill of exceptions to its admission cannot be noticed, because it does not contain the objections to its introduction.

As the slave was hired to defendant, it was the duty of the latter to return him or show he is not liable for his loss, on account of his death having been produced by a cause for which he is not legally accountable.

If a principle adverse to this were adopted, the rights of proprietors would be but little protected in the lease of their slaves.

After the bailor has proved that his slave has been hired to and put in the possession of the bailee, it then becomes the duty of the latter to explain why he cannot return him. Story on Bailment, §411.

It is not for the master to establish the reasons why the bailee cannot deliver to him his slave.

This is an exception to the general rule, that the actor must prove his case, and justly so, because it is more rational to believe that the sources of knowledge of the loss of the slave are with the bailee than the bailor, for the former is in possession of the slave. Pothier, Contract de louage, 199.

It is a recognized principle, that the *onus probandi* is upon the party who has

to free himself from liability by the proof of a fact, the knowledge of which must be supposed to be more within his power than that of his adversary.

In the case at bar, the slave was delivered to defendant; he was obligated, therefore, to explain why he could not return him, or to pay his value. *Nicholls* v. *Rolland*, 11 Martin, 190.

He would not have been liable if he had established facts sufficient to raise a reasonable presumption, that the slave had met with his death by accident or violence, for which no fault or laches could be imputed to him; this has not been done.

Judgment affirmed, with costs of appeal.

MERRICK, C. J., concurring. I concur in the decree in this case, but I think there is sufficient evidence in the record to charge the defendant, and do not wish to express an opinion upon the presumption arising from the non-delivery of the slave by the lessee.