FORET et al. v. MATHES et al.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1908.)

No. 1,681.

SHIPPING—CHARTERS—LOSS OF VESSEL—NEGLIGENCE OF CHARTERERS.

Where a gasoline launch was chartered at a specified rent, the charterers to return the launch in good order or satisfactorily account for her loss, and she was destroyed by fire during the term because of the negligence of the charterers' servants in handling a gasoline stove provided for culinary purposes, the charterers were liable therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 219, 220.]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Robt. J. Perkins and William E. Howell, for appellants.
John D. Grace, for appellees.

Before PARDEE and McCORMICK, Circuit Judges.

PER CURIAM. The contract sued on in this case is one of letting and hiring under Louisiana law of the gasoline launch Robert Bruce for a specified term at a specified rent, and the burden is on the lessees to return the launch in good order or satisfactorily account for her loss. See Nicholls v. Roland, 11 Mart. (O. S. La.) 190; Ford v. Simmons, 13 La. Ann. 397; and Civ. Code La. arts. 2721, 2723.

During the term of the lease the boat was destroyed by fire, originating from the gasoline stove which was attached to the boat for culinary purposes. The libelants contend that this fire was caused by the negligent, careless, and inefficient handling on the part of the lessees' employés of the said gasoline stove, while the respondents claim that the fire was caused from the defects in the construction of the stove and its insecure fastening in the proper position, and that on account thereof the leased launch was not in all respects seaworthy. The case shows that the stove had been operated for over a month under the lease before the accident occurred, and it then occurred from insufficient cleaning and attention, and from careless and ignorant treatment and handling on the part of the respondents' employés.

This is the view taken of the case by the judge below, accompanied

with the finding that after the fire started the respondents' employés were negligent in not taking proper and sufficient means to extinguish the same. The evidence shows that there was a large supply·of gasoline stored in the launch, and the employés were more or less afraid of an explosion, and all but the engineer promptly got away.

On the whole case, the decree of the District Court accords with the law and the evidence, and it is affirmed.