(129 So. 121)

**ORLEANS DISCOUNT CO., Inc., v. DERBES et al.**

No. 30271.

May 5, 1930.

Rehearing Denied June 2, 1930.

Deutsch & Kerrigan, of New Orleans, for appellant.

H. L. Hammett, of New Orleans, for appellee John T. Whitaker.

BRUNOT, J.

The Orleans Discount Company, Inc., is the holder of two promissory notes for $7,425 each, which are identified with an act of sale and mortgage of certain property in Jefferson parish. Plaintiff filed executory process upon these notes, and John T. Whitaker, claiming to be the owner of a note for $7,425, which is identified with the same act of sale and mortgage as the notes upon which the executory process issued, intervened in the proceeding and ruled the plaintiff into court to show cause why he should not share, pro rata, in the proceeds realized from the sale of the mortgaged property.

In the court below there was judgment for the intervener, making the rule absolute, and the plaintiff appealed.

The case presents but one question for decision, viz., whether or not the note held by intervener was extinguished by payment. The sole defense to the rule is that the note was paid by the maker, or for his account. The answer to the rule, with the caption and prayer thereof omitted, is as follows:

"That prior to June 27, 1927, the said note alleged to be held by the said Whitaker was deposited for collection by James S. Webb, the then holder and owner thereof, with the Canal Bank & Trust Company of this city; that on or about June 27, 1927, Philip J. Derbes, the maker of the said note, and/or the said Whitaker, for the account of the said Derbes, paid the full amount of principal and interest due as of said date, on said note, to the said Canal Bank & Trust Company, with whom it had been deposited for collection as aforesaid; that after the said note had been paid, as aforesaid, it was delivered by the said bank to the said Derbes and/or to the said Whitaker; that, therefore, the mortgage and vendor's lien which originally secured the payment of the said note has been extinguished and. no longer exists."

The plaintiff's plea of payment is an affirmative defense, and the burden is upon the pleader to prove payment.

"One who sets up an affirmative defense must establish the same." McAllister v. Srodes, 14 La. 442; Diggs v. Parish, 18 La. 6; Ford v. Simmons, 13 La. Ann. 397; Sullivan v. Goldman, 19 La. Ann. 12.

The facts of the case are that Jas. S. Webb was the owner of the mortgage note involved in this suit, and it was not held by the Canal Bank & Trust Company for collection, but as collateral to secure the payment of a note due by Webb. John T. Whitaker, at the request of Philip J. Derbes, the maker of the note, and Maurice Brierre, the secretary-treasurer of the Bienville-Jefferson Land Company, which company had acquired the property and assumed the mortgage, consented to purchase the note. The three persons named went to the bank for the purpose of completing the purchase of the note. The note teller was informed of their purpose and Mr. Whitaker tendered the teller his check for the amount of the note and the accrued interest thereon, with the statement that he was purchasing the note and it must not be stamped paid. The note teller demurred to complying with Mr. Whitaker's request. Mr. Whitaker and Mr. Derbes then called on Mr. McCutcheon, an official of the

bank, who, upon written instructions from Mr. Webb to the bank, ordered the note teller to accept the tendered check and to deliver the note to Mr. Whitaker without stamping it paid. The instructions were as follows:

"June 27, 1927.

"Canal Bank & Trust Co. New Orleans, La.

"Gentlemen: Referring to note of P. J. Derbes dated June 25, 1926, payable on or before one year after date for $7425.00 and interest at the rate of 7% per annum from date, you are hereby authorized to deliver said note to Mr. Derbes upon payment of the amount without cancelling the note.

"Very truly yours,

"[Signed] James S. Webb."

We find that plaintiff's contention is supported only by certain circumstances which are in themselves too weak to demand serious consideration. On the other hand, three reputable witnesses testify that John T. Whitaker acquired the note by purchase, in good faith, before maturity, and for its full value both in principal and accrued interest.

The evidence convinces us that the judgment appealed from is correct. It is therefore decreed that the judgment appealed from is hereby affirmed at appellant's cost.