McCALEB, Justice.
This is a suit against the maker of a promissory note to recover its face value of $5,000, together with interest and attorney’s fees provided for therein. The note, dated August 12, 1952 and bearing interest from its date at the rate of 5% per annum, was issued to the order of 8 Mile Post Plumbing Supplies, Inc. and became due and exigible on September 12, 1952. Plaintiff, Martin J. Egert, was the principal stockholder of the payee corporation, which was placed in voluntary liquidation during 1953. Plaintiff acquired the note during the course of the liquidation.
Defendant, Stassi, admits the execution of the note and that plaintiff is the holder thereof. His sole defense is that the note was paid by him on September 11, 1952 with a check drawn on the National Bank of Commerce in New Orleans by a partnership conducted by plaintiff and himself known as Stassi Realty & Investment Company. This check is payable to the National Bank of Commerce and is for the sum of $5,004.86.
Following a hearing on the issue of payment, the trial court rejected the plea and rendered judgment for plaintiff, as prayed for. Stassi has appealed.
It will be seen from the foregoing that the case presents for consideration solely a question of fact, defendant having the burden of establishing his plea of payment by a preponderance of evidence. Orleans Discount Co. v. Derbes, 170 La. 660, 129 So. 121.
The basis of defendant’s claim is that the proceeds of the check of the partnership, Stassi Realty and Investment Company, payable to the National Bank of Commerce, was used by the bank to satisfy a loan of $5,000 which it had made to either Egert or 8 Mile Post Plumbing Supplies, Inc., the latter having borrowed $5,000 in order to lend defendant the money for which he gave the promissory note.
This proposition is supported only by defendant’s testimony. It is flatly denied by plaintiff, who declares that the $5,004.86 check issued by the partnership to the Bank’s order was given in discharge of a partnership obligation on a note held by the bank and had no connection whatever with defendant’s personal indebtedness.
On this appeal, defense counsel argues that the $5,004.86 check must have been given in satisfaction of the note in suit because it is dated September 11, 1952, the day before the note became due.
This argument, as well as defendant's testimony, is not convincing and the trial judge made no mistake in rejecting it. Initially, it is to be wondered why the check is for $5,004.86. The principal of the note in suit on its due date, together with accrued interest, amounted'to $5,-020.83. Moreover, defendant made no acceptable explanation of his failure to subpoena the bank’s records or to produce any other evidence in corroboration of his story. Failure to elicit available evidence warrants the presumption that such evi-
*717 dence would have been adverse to the claimant. But, apart from this, plaintiff’s testimony appears to be credible, thus affording of itself good ground for concluding that the plea of payment has not been established.
The judgment is affirmed.
PONDER, J., absent.