BLANCHE, Judge.
Plaintiff, Mercantile Financing, Inc., filed suit for the balance due on a promissory note executed by the defendants, Mauroner-Craddock, Inc., and its principal stockholders, J. B. Mauroner and Richard L. Craddock. The note was in the original amount of $15,452.00, and credits reduced the amount due to the sum of $6,285.77. The trial court rendered judgment for the plaintiff for the balance due thereon, together with interest and attorney’s fees, and the defendants have appealed.
The defendants’ answer set forth the defense of payment. It was alleged that one of the defendants, Richard L. Craddock, transferred unto the plaintiff certain immovable properties owned by him in full payment of the note. On the other hand, plaintiff contended that the defendants were in financial difficulty, were in default on the note, and that in order to avoid suit against the defendants Mauroner and Craddock personally, it was agreed that *568 the defendant Craddock would sell plaintiff the property and in turn the plaintiff would sell the property to third parties, crediting defendants’ account with the net proceeds of the sales after deducting all expenses.
The case presents for consideration solely a question of fact, the defendant having the burden of establishing the plea of payment by a preponderance of the evidence. Egert v. Stassi, 237 La. 1070, 112 So.2d 715 (1959).
There is no controversy over the defendants’ poor financial condition and their default on the note at the time the properties were transferred.
The record shows that the properties were sold to third parties for a consideration in excess of that by which plaintiff acquired the properties, that defendants were given credit therefor, that the bookkeeping entries reflect that all expenses surrounding the transfer of the properties were charged to defendants, and that defendants were given a credit equal to the net proceeds of the sale. In short, the evidence corroborates plaintiff’s version of the transfer.
On the other hand, the sole evidence supporting defendants’ plea of payment is the testimony of defendants, Mauroner and Craddock, that it was their “understanding” that the transfer of the properties would satisfy the balance due on the note. This understanding came up as a result of a meeting with their lawyers who also represented the plaintiff. Their testimony concerning the details of this meeting is, in our opinion, vague. Defendants were unable to furnish any details concerning what conversations took place to give them such an understanding. When the transfer of the properties was effected, the note was not surrendered to defendants, nor was any demand made therefor, which fact seems inconsistent with their understanding. Mr. Rolfe McCollister, also a stockholder in the plaintiff corporation, testified that defendants, Craddock and Maur-oner, came to him for financial assistance and he referred them to plaintiff and helped them obtain the loan. When the note became past due and pressure was brought to bear for payment, he testified that it was defendants who suggested the transfer of the properties. He also testified positively that the understanding was that the net amount received from the sale would be credited to the defendants’ account, which was done. Thus, it appears that the trial judge made a finding of fact as to the agreement of the parties which was not manifestly erroneous.
After contending that the transaction among the parties was a sale in satisfaction of the debt, defendants next contend, and not even in the alternative, that the transaction was really not a sale but a mortgage and the sale by plaintiff of the defendant Craddock’s property without benefit of appraisement was a violation of the Deficiency Judgment Act, LSA-R.S. 13:4106. The foregoing provisions apply to the case where the mortgagee or other creditor provokes the sale of encumbered property of the debtor without benefit of appraisement.[1] Ignoring the inconsistency of plaintiff’s argument or his right to urge the same for the first time on appeal without ever having affirmatively pled the same as a defense, we are of the opinion there is no merit to this contention. While the sale of defendant Craddock’s property *569 to plaintiff resulted in a preference to plaintiff, we have found it was, nevertheless, a bona fide sale and in no sense encumbered property of the debtor as contemplated by the provisions of the Deficiency Judgment Act. Accordingly, we find the provisions of that act are inapplicable in such case.
Lastly, defendants-appellants contend that the judgment should be reduced by the sum of $244.00. The trial judge initially disallowed evidence as to this sum, and the same was placed in the record under an offer of proof. While we are without benefit of his reasons for judgment, evidently he finally determined these charges to be expenses arising out of the transaction. Since the foregoing charges were for legal fees, insurance and lot clearing, they were properly expenses chargeable in accordance with the parties’ agreement that defendants would be credited with the net proceeds of the sale after payment of the expenses incident thereto.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at the cost of defendants-appellants.
Affirmed.

. LSA-R.S. 13:4106 reads as follows:
“In any case where any mortgagee or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever.” (Emphasis ours)