CHEHARDY, Judge.
Defendant, Selago Federal Credit Union (Selago), appeals an August 28, 1980 district court judgment in favor of plaintiff, Wanda Clark, which issued a preliminary injunction directed to Selago, restraining, enjoining and prohibiting it from attempting to enforce an October 12, 1979 judgment in an action entitled “Selago Federal Credit Union versus Wanda Clark,” No. 224-671 on the docket of the Twenty-fourth Judicial District Court in and for the Parish of Jefferson. The judgment appealed from also noted that the previous judgment had been satisfied in full by the assignment of title to the automobile in question in this litigation to the defendant on November 28, 1979. The second part of the judgment stated the defendant was not enjoined from pursuing its intervention in the matter entitled “Wanda Clark versus Cumis Insurance Society, Inc.,” No. 218-577 on the docket of the Twenty-fourth Judicial District Court in and for the Parish of Jefferson.
In the October 12, 1979 judgment rendered by the district court, defendant in the present case obtained judgment against Clark on a motion for summary judgment, on its suit on a promissory note, in the amount of $5,274.60 plus one percent interest thereon from October 24,1978 until paid and for 20 percent attorney fees on the aggregate of the principal and interest, and for costs of the proceedings. Selago was apparently the holder and payee of the *1287 promissory note and chattel mortgage executed by Clark on a 1977 Pontiac automobile owned by her.
The record reflects that on November 28, 1979, the following document was executed by Clark, who was then residing in the State of Florida:
“BEFORE ME, the undersigned authority personally came and appeared Wanda Clark, a person of the full age of majority, who after being duly sworn did depose that:
She is the owner of a 1977 Pontiac 2 door, Gran Prix, 8 cyl., Motor Serial # 2J57Y7A231680, and that the Selago Federal Credit Union holds the chattel mortgage on said vehicle, and that the appearer, Wanda Clark, does hereby assign, transfer and convey all of her rights, titles and interest in and to the aforementioned vehicle to the Selago Federal Credit Union.”
Subsequently, the defendant Selago, through its agent, executed the following:
“AFFIDAVIT OF POSSESSION OF MOTOR VEHICLE BY MORTGAGEE
STATE OF LOUISIANA PARISH OF Orleans
BE IT KNOWN, That on this 4th day of April, 1980, before me, a Notary Public, in and for the Parish of Orleans, State of Louisiana, duly commissioned and qualified, and in the presence of the undersigned competent witnesses, personally came and appeared Henry J. Smith duly authorized and representing Selago Federal Credit Union, who being first duly sworn, did depose and say: That he is the legal holder of one certain note, secured by chattel mortgage, in the amount of $6300.00, dated May 24, 1977, covering one automobile, Serial No. 2J57Y7A231680, Model GRA, Body Style 2 door Year 1977; and that said note and chattel mortgage was executed and delivered to the credit union by Wanda Clark and was duly noted by the Commissioner of Motor Vehicles on the 24th day of May, 1977, upon the face of Title No. L402266, issued in the name of Wanda Clark; and that according to said note and chattel mortgage the same was due and payable on the 24th day of October, 1978 and that said mortgagor has failed to pay said indebtedness according to the terms of the chattel mortgage and by reason of the terms of the chattel mortgage having been violated, Selago Federal Credit Union has taken possession of the above described vehicle on November 28, 1979, and has obtained a voluntary surrender form signed by the Mortgagor.
Selago Federal Credit Union is, therefore, now in quiet and peaceful possession of said vehicle and is the legal and rightful owner of same and will warrant and defend the title to said vehicle against all and every person claiming any interest therein.”
On the same date Selago sold the vehicle to Joseph S. Centanni for $1,000.
The defendant in the present action, Sela-go, now contends that the district court was in error in enjoining it from attempting to enforce the October 12, 1979 judgment and in assigning reasons that it had been fully satisfied by the assignment of title to the automobile. In support of that argument the defendant contends the Deficiency Judgment Act is inapplicable to the present case.
LSA-R.S. 13:4106 states:
“If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.”
Additionally, LSA-R.S. 13:4107 also recites:
*1288 “R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934.”
The above statutes were discussed in the case of Ardoin v. Fontenot, 374 So.2d 1273, 1274 (La.App. 3d Cir. 1979):
“A creditor can obtain a deficiency judgment only if the property has been sold under an executory proceeding, after a valid appraisal has been made in accordance with the applicable law. LSA-C.C.P. Arts. 2771 and 2723; LSA-R.S. 13:4106-4107; League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir. 1975). As this court stated in the latter case, the rationale of the Deficiency Judgment Act (LSA-R.S. 13:4106-4107) is ‘the strong public policy of protecting a debtor from possible abuse resulting from the judicial sale of his property without notice and without the benefit of proper appraisement.’ In order to prevent the thwarting of that public policy, it is necessary that the statutory requirements be complied with. Ford Motor Credit Company v. Samec, 227 So.2d 164 (La.App. 2nd Cir. 1969); Bourgeois v. Sazdoff, 209 So.2d 320 (La.App. 4th Cir.1968).”
Defendant further argues, however, that under the wording of the Deficiency Judgment Act[1] and the jurisprudence under the act, property sold without appraisement must be the property of the debtor in order for the provisions of the act to apply. In the present case it is argued that the automobile was transferred from Clark to Sela-go by the Act of Assignment on November 28, 1978 and, as a result, appraisement was not required and the Deficiency Judgment Act does not apply. We cannot agree.
Although the defendant cites language from Executive Car Leas. Co. of N. Orl. v. Alodex Corp., 279 So.2d 169 (La.1973), and Clay-Dutton, Inc. v. Plantation Nursing Home, 239 So.2d 442 (La.App. 4th Cir. 1970), which seems to support its position, those cases are clearly distinguishable from the present one because the properties involved, leased automobiles, had remained at all times the property of the creditor-lessor and had never been the subject of a mortgage.
Similarly the case of Mercantile Financing v. Mauroner-Craddock, Inc., 259 So.2d 567 (La.App. 1st Cir. 1972), is equally distinguishable from the present case. Although the court in that case refused the defendants-debtors the protection of the Deficiency Judgment Act because the immovable involved had been previously transferred to the plaintiff, that property had never, at any time, been the subject of a mortgage between the parties, but was transferred by one of the defendants to the plaintiff to satisfy a debt due under an unsecured promissory note.
In the present case the vehicle was used to secure the promissory note and chattel mortgage executed by Clark. When the defendant sold the vehicle without a valid appraisal having first been obtained, it therefore forfeited its right to proceed against the plaintiff in the nature of a deficiency judgment under the terms of LSA-R.S. 13:4106. Furthermore, the full transfer of the vehicle to Selago cannot be looked upon as a waiver of Clark’s rights under LSA-R.S. 13:4106 because such a waiver is strictly prohibited by the provisions of LSA-R.S. 13:4107 and the public policy of this State.
Although defendant alleges in brief that appraisals were made by Clark prior to her filing suit against Cumis Insurance Society, Inc., such appraisals are not part of the record before this court, nor does the record reveal support of Selago’s allegations that it was agreed between itself and Clark that the vehicle would be sold by Selago, the proceeds applied to her account and the balance paid by her from any damages she *1289 would recover from her suit against the insurance company or by other means.
For the reasons assigned, therefore, the district court judgment is affirmed in all respects.
AFFIRMED.

. The act states: “If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property * * * by a debtor * * * the debt nevertheless shall stand fully satisfied***."