ALLEN M. BABINEAUX, Judge Pro Tern.
The plaintiffs have sued the defendants to recover the unpaid balance on a promissory note. The defendants assert that the plaintiffs are not entitled to a personal judgment against them and that the debt has been extinguished. The trial court ruled in favor of the defendants, dismissing plaintiffs’ suit. We affirm.
The plaintiffs, Mr. and Mrs. Cormier, on May 20, 1981, sold to the defendants, Mr. and Mrs. Castille, a parcel of land with all improvements. Included in the sale was a stock of merchandise and the equipment on the premises. The property had been operated as Cormier’s Grocery & Market. A cash payment was made and the remainder of the purchase price was made payable in installments, evidenced by a promissory note in the principal amount of $50,000.00. This note was secured by an act of mortgage dated May 20, 1981 and a vendor’s lien on the immovable property including the stock of merchandise and the equipment. The property was again transferred on November 24, 1981, to Ronald G. Bras-seaux by an act of sale with assumption of the mortgage. The Cormiers joined in this sale and the Castilles remained solidarily bound along with Brasseaux to the Cormi-ers.
*248 The note became in arrears in June of 1988. The plaintiffs filed a petition for executory process on July 18, 1983, wherein they sought enforcement of the May 20, 1981 act of mortgage. That petition recites the existence of the mortgage on the immovable property and on the movable property as well as the vendor’s lien held by the plaintiffs. ' The plaintiffs sought enforcement of the mortgage only insofar as it related to the immovable property. Thereafter, Brasseaux filed for relief under the Bankruptcy Act. The plaintiff then filed an amended petition dismissing Brasseaux as a defendant and converting the suit against the Castilles into a suit on the note via ordinary process.
By order of the United States Bankruptcy Court for the Western District of Louisiana, In re Ronald Gayle Brasseaux d/b/a B & B Grocery and Kountry Korner, Case No. 483-00844-LD, the immovable property, upon which the plaintiffs held a mortgage securing the note herein sued upon, was deeded to the plaintiffs in satisfaction of Brasseaux’s obligation. The movable property secured by the mortgage was ordered surrendered to the Castilles. The movable property, consisting only of equipment by this time, was located in the grocery on the property now belonging to the Cormiers. The Cormiers requested that the Castilles remove the property. This was attempted, but, certain items of equipment could not be removed because they were too large to fit through the exits. The Castilles removed none of the equipment leaving it on the grocery premises.
On October 3, 1984 an act of sale was executed whereby the ownership of the movable equipment would be transferred to the Cormiers for the price of $4,850.00 which according to the sale was to be credited to the amount due by the Castilles on the note. An appraisal on the movable property which had been prepared on behalf of the plaintiffs prior to the February 3rd sale was admitted into evidence.
The trial judge ruled that “... the sale of the movable property without formal appraisal as in a judicial proceeding makes applicable the deficiency judgment act and the claim by plaintiff is extinguished under that law.”
On appeal, the plaintiffs argue the invalidity of the mortgage as it relates to the movable property as well as the invalidity of the vendor’s lien on the movable property. They assert that the sale of unencumbered property by the debtor to the creditor does not invoke the Deficiency Judgment Act. They cite Mercantile Financing, Inc. v. Mauroner-Craddock Insurance, 259 So.2d 567 (La.App. 1st Cir. 1972). The defendants argue that the plaintiffs are estopped to deny the validity of the mortgage and the vendor’s lien. They further argue the validity of the mortgage and the vendor’s lien. We find that the vendor’s privilege arising in favor of the plaintiffs from the original sale to the defendants remains enforceable. In the sale to Brasseaux, wherein he assumed the obligations of the Castilles and in which the Cormiers joined, the Castilles remained as solidary co-obligors on the note. The vendor’s privilege was not lost thereby and hence it remains enforceable. See Franklin Press, Inc. v. National Diversified Corporation, 286 So.2d 469 (La.App. 1st Cir.1973), writ denied, 289 So.2d 155 (La. 1974).
The applicability of the Deficiency Judgment Act, under circumstances such as these, was discussed in Justice v. Caballero, 393 So.2d 866 (La.App. 4th Cir. 1981). The Court held that the Deficiency Judgment Act was applicable to a suit on a note on which there was a valid vendor’s privilege. We hold that the Deficiency Judgment Act is applicable in this proceeding and that the sale of February 3, 1984 precludes a deficiency judgment in favor of the plaintiffs. That sale was provoked by the plaintiffs and was made without the formal appraisal required under the Act. See First National Bank of West Monroe v. Pickens, 465 So.2d 874 (La.App. 2d Cir. 1985).
For these reasons the judgment of the district court in favor of the defendants, *249 dismissing the plaintiffs’ suit is affirmed, at the appellants’ cost.
AFFIRMED.