BONIN, J.,
concurs with reasons.
hi respectfully concur in the result. Mr. Gray simply introduced no evidence in connection with Franklin Credit’s motion which showed that there was a genuine issue of material fact whether his installment payments were current at the time of filing the foreclosure action via ordinaria in order to preclude a summary judgment. La. C.C.P. art. 966(B). His only submission was an “affidavit” based upon the business records of Franklin Credit. Such a submission is insufficient to raise a genuine issue of material fact. This is the situation addressed in American Bank v. Saxena, 553 So.2d 836, 844 (La.1989):
“[PJayment must be specifically pleaded and proved by the litigant asserting it.” [citation omitted] Although Saxena charges the bank’s accounting of his CDs is inadequate, he has not provided evidence of payment on any of the five loans but admits that he depends on the bank’s records to establish the payments made, all the while contending he has not been credited the full amount. “The ... plea of payment is an affirmative defense, and the burden is upon the pleader to prove payment.” Orleans Discount Co., Inc. v. Derbes, 170 La. 660, 662 129 So. 121 (1930). Saxena seeks to place the burden of production on the bank and has, therefore, failed to meet the burden of proof.
(emphasis added)
Because American Bank v. Saxena so clearly controls the outcome in this matter, the discussion in the majority decision regarding the so-called “advocate-witness rule” is completely gratuitous and wholly unnecessary to the result, and 11 ^separate myself from that portion of the opinion. The “affidavit” was not competent evidence regardless of the identity or status of the “affiant”. I see no good reason to climb a tree to exclude the submission *606 when it can be done simply while standing on the ground.